UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNA B.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 3:18-CV-05770-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide any specific, legitimate reason, supported by substantial evidence, to discount medical opinion evidence from Dr. Joanne Gartenberg, M.D. Had the ALJ properly considered Dr. Gartenberg's opinion, the ALJ may have found Plaintiff had severe mental impairments at Step Two. Further, the residual functional capacity ("RFC") may have

included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On October 28, 2014, Plaintiff filed an application for DIB, alleging disability as of November 6, 2013. *See* Dkt. 11, Administrative Record ("AR") 10. The application was denied upon initial administrative review and on reconsideration. *See* AR 10. ALJ Eric S. Basse held a hearing on December 7, 2016. AR 38-85. In a decision dated June 8, 2017, the ALJ determined Plaintiff to be not disabled. AR 7-32. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) properly consider medical opinion evidence from treating physician Dr. Gartenberg and non-examining physician Dr. Patricia Kraft, Ph.D., and as a result, properly evaluate Plaintiff's mental impairments at Step Two; and (2) state any clear and convincing reason for rejecting Plaintiff's subjective symptom testimony. Dkt. 13, pp. 3-10.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**I.      Whether the ALJ properly evaluated the medical opinion evidence.**

Plaintiff argues the ALJ failed to properly consider medical opinion evidence from treating physician Dr. Gartenberg and non-examining physician Dr. Kraft. Dkt. 13, pp. 3-9.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.      Dr. Gartenberg

Plaintiff contests the ALJ's consideration of Dr. Gartenberg's medical opinion. Dkt. 13, pp. 4-7. Dr. Gartenberg, one of Plaintiff's treating physicians, completed a medical source statement regarding Plaintiff's mental limitations on June 21, 2016. AR 707-09. Dr. Gartenberg opined Plaintiff has several limitations in mental functioning, including a moderate limitation – defined as an inability to remain on task 15-20% of the time – in her ability to remember locations and work-like procedures, and understand and remember detailed instructions. AR 707-08. Dr. Gartenberg found Plaintiff moderately impaired in her ability to carry out detailed

instructions and work in coordination with or proximity to others without being unduly distracted by them. AR 708. Additionally, Dr. Gartenberg determined Plaintiff has a moderate limitation in the ability to travel in unfamiliar places or use public transportation. AR 709.

Moreover, Dr. Gartenberg opined Plaintiff is markedly limited – defined as an inability to remain on task for 20% or more of the time – in her ability to maintain attention and concentration for extended periods. AR 708. Dr. Gartenberg further determined Plaintiff has a marked limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. AR 708.

The ALJ assigned "little weight" to Dr. Gartenberg's opinion for five reasons:

> (1) [I]t appears incongruous with the office treatment records. Mental status examinations traced intact findings. (2) Notably, in February 2016, the claimant admitted that she "felt stable on these [psychological] medications." (3) Furthermore, the weight the undersigned gives to this opinion diminishes due to lack of supportability. The better an explanation a source provides for an opinion, the more weight the Social Security Administration will give that opinion. Here, however, Dr. Gartenberg merely checks off boxes and does not provide any supporting explanations as to why the claimant possesses such mental limitations. (4) Notably, the medical source statement appears to represent a representative-generated form. The definitions of ratings terms states that limitation to "moderate" indicates an inability to remain on task from 15 to 20 percent of the time. (5) As discussed above, the identified moderate to marked limitations overstate the claimant's mental limitations.

AR 15 (citations omitted) (numbering added).

Defendant contends the ALJ's first and third reasons for discounting Dr. Gartenberg's opinion are specific and legitimate. *See* Dkt. 14, pp. 5-8. First, the ALJ gave Dr. Gartenberg's opinion little weight because he found it incongruous with Dr. Gartenberg's office treatment records, including mental status examinations with "intact findings." AR 15 (citing AR 357, 366, 677, 702). An ALJ may reject a physician's opinion if there is a "discrepancy" between the

opinion" and the physician's "notes" and "recorded observations." *See Bayliss*, 427 F.3d at 1216. But an ALJ cannot reject a physician's opinion in a vague or conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Embrey*, 849 F.2d at 421-22. Rather, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22.

In this case, the ALJ claimed Dr. Gartenberg's opinion was "incongruous" with office treatment records and mental status examinations showing "intact findings." AR 15 (citing AR 357, 366, 677, 702). The ALJ, however, did not provide any explanation as to how Dr. Gartenberg's opinion was contradicted by the cited evidence. *See* AR 15. Thus, the ALJ failed to provide his interpretation as the evidence, and the ALJ's conclusory finding that Dr. Gartenberg's opinion was "incongruous" with the treatment notes and mental status examinations is not sufficient to discount Dr. Gartenberg's opinion. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"); *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citations omitted) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

In addition, an ALJ cannot discount a treating physician's opinion for being unsupported by the record where the opinion is supported by the physician's own treatment notes contained in the record. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014). Here, the ALJ cited four medical records in finding Dr. Gartenberg's opinion incongruous with office treatment records. *See*

AR 15 (citing AR 357, 366, 677, 702). Yet the ALJ's conclusory reasoning overlooked relevant treatment notes supporting Dr. Gartenberg's opinion.[1] For instance, on April 16, 2015, a mental status examination conducted by Dr. Gartenberg revealed Plaintiff had a "mildly constricted" affect and depressed and anxious mood. AR 595. On June 11, 2015, Dr. Gartenberg wrote Plaintiff had "significant problems with anxiety" and "grinding teeth." AR 685. Dr. Gartenberg determined Plaintiff had an anxious mood and constricted affect. AR 685. Dr. Gartenberg's treatment notes from August 4, 2015 made several observations outside normal limits about Plaintiff, including a dysphoric and anxious mood, impaired insight, and impaired judgment/reasoning. AR 683. Dr. Gartenberg noted Plaintiff was "[p]retty overwhelmed." AR 683. Similarly, on November 12, 2015, Dr. Gartenberg found Plaintiff had a blunted affect, impaired insight, dysphoric and anxious mood, and impaired judgment/reasoning. AR 681. Plaintiff likewise presented to Dr. Gartenberg on December 14, 2015 with an anxious mood, impaired insight, and impaired judgment/reasoning. AR 679.

Accordingly, the ALJ's finding that Dr. Gartenberg's opinion was "incongruous" with office treatment records "trac[ing] intact findings" overlooks significant, probative evidence from Dr. Gartenberg supporting her opined limitations. The treatment notes on Plaintiff's mental health also indicate the ALJ failed to consider how Plaintiff's mental health symptoms "wax and wane in the course of treatment." *See Garrison*, 759 F.3d at 1017. Because the ALJ's decision indicates he overlooked objective evidence supporting Dr. Gartenberg's opinion, the ALJ's first reason for rejecting this opinion is not supported by substantial evidence in the record. *See Burrell*, 775 F.3d at 1140 (ALJ erred in finding a treating physician's opinion was "conclusory" and

---

[1] The Court also notes that although the ALJ's statement indicates he found Dr. Gartenberg's opinion incongruous with her own "office treatment records," two of the records the ALJ cited are not from Dr. Gartenberg's psychiatric clinic. *See* AR 357, 366.

supported by "little explanation," as the ALJ "overlook[ed] nearly a dozen [treatment] reports related to head, neck, and back pain"); *see also Reddick*, 157 F.3d at 722-23 ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record.").

Defendant also argues the ALJ's third reason was sufficient, wherein the ALJ discounted Dr. Gartenberg's opinion because Dr. Gartenberg "merely check[ed] off boxes" and did "not provide any supporting explanations as to why the claimant possesses such mental limitations." AR 15. An ALJ may "permissibly reject[] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir. 1996)). But an ALJ is not permitted to reject an opinion for its "check-box" form where the opinion is consistent with treatment notes contained in the record. *See Garrison*, 759 F.3d at 1014 n.17; *see also Neff v. Colvin*, 639 Fed. Appx. 459 (9th Cir. 2016) (quotation marks and citation omitted) ("opinions in check-box form can be entitled to substantial weight when adequately supported").

Here, although Dr. Gartenberg opined to limitations in "check-off" format, her opinion does not stand alone; rather, as described above, the record contains several treatment notes from Dr. Gartenberg and others at her clinic which lend support to her opinion. *See, e.g.*, AR 594-95, 679-94. Hence, while the ALJ found Dr. Gartenberg's opinion lacked "supporting explanations," his finding overlooked supporting treatment notes. As such, the ALJ's third reason for rejecting Dr. Gartenberg's opinion is not supported by substantial evidence in the record. *See Garrison*, 759 F.3d at 1014 n.17 ("the ALJ was [not] entitled to reject [medical] opinions on the ground

that they were reflected in mere check-box forms" where the "check-box forms did not stand alone" but instead "reflected and were entirely consistent with the hundreds of pages of treatment notes"); *see also Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017) (finding an ALJ erred in rejecting treating physician's opinion for being supported by "little explanation" where the record included treatment notes supporting the opined limitations).

Defendant does not assert, nor does the Court find, the ALJ's second, fourth, or fifth reasons are specific and legitimate reasons for discounting Dr. Gartenberg's opinion. *See* Dkt. 14, pp. 4-8; *see also Lester*, 81 F.3d at 832 ("The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them."); *Embrey*, 849 F.2d at 421 (an ALJ cannot merely state facts the ALJ claims "point toward an adverse conclusion and make[] no effort to relate any of these objective factors to any of the specific medical opinions and findings he rejects"). Therefore, the Court finds Defendant concedes that the ALJ's second, fourth, and fifth reasons for discounting Dr. Gartenberg's opinion are not valid.

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for assigning little weight to Dr. Gartenberg's opinion. As such, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina*, 674 F.3d at 1115. An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The Ninth Circuit has held "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

In this case, had the ALJ properly considered Dr. Gartenberg's opinion, the RFC and hypothetical questions posed to the vocational expert ("VE") may have contained additional limitations. Specifically, the RFC and hypothetical questions posed to the VE contained no mental limitations. *See* AR 17, 71-83. With proper consideration of Dr. Gartenberg's opinion, the RFC and hypothetical questions may have reflected several mental limitations, such as a limitation in the ability to understand and remember detailed instructions, maintain attention and concentration for extended periods, and complete a normal workday and workweek without interruptions from psychologically based symptoms. *See* AR 707-08. Because the ultimate disability determination may have changed may have changed with proper consideration of Dr. Gartenberg's opinion, ALJ's errors are not harmless and require reversal.

Furthermore, the ALJ may have found Plaintiff has a severe mental impairment with proper consideration of Dr. Gartenberg's opinion. Dr. Gartenberg noted Plaintiff has diagnoses of posttraumatic stress disorder, depression, and anxiety. *See, e.g.*, AR 677, 679, 680, 683. In her opinion, Dr. Gartenberg also determined Plaintiff has limitations relevant to the ALJ's Step Two analysis for mental impairments. *Compare* AR 12-14 *with* AR 707-08. Thus, the ALJ's Step Two findings may have changed with proper consideration of Dr. Gartenberg's opinion.

As the ALJ's errors in assessing Dr. Gartenberg's opinion impact multiple parts of the sequential evaluation process, the ALJ is directed to reconsider this entire matter on remand, including Step Two and Dr. Gartenberg's opinion.

B. Dr. Kraft

Plaintiff maintains the ALJ failed to properly consider opinion evidence from non-examining physician Dr. Kraft, who found Plaintiff's anxiety to be a severe mental impairment. Dkt. 13, pp. 8-9 (citing AR 104); *see also* AR 104-05. The Court has found the ALJ harmfully erred in his consideration of Dr. Gartenberg's opinion and has directed the ALJ to reassess this entire matter on remand. *See* Section I.A., *supra*. As the ALJ must reconsider this entire matter, the Court declines to consider whether the ALJ erred in consideration of Dr. Kraft. Rather, the Court directs the ALJ to re-evaluate all the medical evidence, including Dr. Kraft's opinion, on remand.

**II.     Whether the ALJ properly considered Plaintiff's subjective symptom testimony.**

Lastly, Plaintiff asserts the ALJ failed to state any clear and convincing reason to reject Plaintiff's subject symptom testimony. Dkt. 13, pp. 9-10. Although Defendant argues the ALJ identified several reasons to reject Plaintiff's testimony, Defendant acknowledges "the ALJ did not provide an explicit and formal evaluation of Plaintiff's alleged mental symptoms" in his decision. *See* Dkt. 14, p. 9.

Because Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of the medical opinion evidence may impact his assessment of Plaintiff's subjective testimony, the ALJ shall reconsider Plaintiff's subjective symptom testimony on remand.

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 24th day of April, 2019.

David W. Christel
United States Magistrate Judge